**In re: AMERICAN EXPRESS CO. ANTI–STEERING RULES ANTITRUST LITIGATION.**

**MDL No. 2111.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 1, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER, Judges of the Panel.

---

## ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel**[*]:  Co-lead plaintiffs[1] on behalf of all plaintiffs in the Southern District of New York putative nationwide class action initially moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in either the Eastern District of New York or the Southern District of New York. Movants subsequently urged selection of the Eastern District of New York as transferee district.  This litigation currently consists of six actions pending in adjacent districts: five actions in the Eastern District of New York and one action in the Southern District of New York, as listed on Schedule A.

Common defendants—American Express Co. and American Express Travel Related Services Co., Inc.—and plaintiffs in the five Eastern District of New York individual actions oppose the motion, arguing that informal coordination and cooperation is already underway and Section 1407 centralization is not necessary.  If the Panel nevertheless deems centralization appropriate, opposing plaintiffs support centralization in the Eastern District of New York.

On the basis of the papers filed and hearing session held, we will deny the Section 1407 motion.  Although these six actions unquestionably involve common factual and legal issues, Section 1407 centralization is not necessary at this time.

Informal coordination by the parties and the involved courts is indeed ongoing.  The parties have made progress towards establishing a discovery protocol and have sought a joint hearing with the involved judges to resolve outstanding issues.  The two judges handling these two sets of cases pending in adjacent federal districts have already agreed to work together in order to avoid duplication.  The courts can also coordinate their efforts in order to avoid as much as practicable inconsistent pretrial rulings.  The Panel is confident in the ability of the parties and the involved courts to work together in order to streamline pretrial proceedings in these actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied.

### SCHEDULE A

MDL No. 2111 — **IN RE: AMERICAN EXPRESS CO. ANTI–STEERING RULES ANTITRUST LITIGATION**

*Eastern District of New York*

*Rite Aid Corp., et al. v. American Express Travel Related Services Co., Inc., et al.*, C.A. No. 1:08–2315

*CVS Pharmacy, Inc. v. American Express Travel Related Services Co., Inc., et al.*, C.A. No. 1:08–2316

*Walgreen Co. v. American Express Travel Related Services Co., Inc., et al.*, C.A. No. 1:08–2317

*Bi–Lo, LLC v. American Express Travel Related Services Co., Inc., et al.*, C.A. No. 1:08–2380

---

years from September 3, 2009, or two years from September 8, 2009.

[*] Judge Heyburn took no part in the disposition of this matter.

1.  Lopez–Dejonge, Inc.; Parlor Corp.; JASA, Inc.; Italian Colors Restaurant; Cohen Rese Gallery, Inc.; Bar Hama LLC; and Animal Land, Inc.

*H.E. Butt Grocery Co. v. American Express Travel Related Services Co., Inc., et al.,* C.A. No. 1:08–2406

*Southern District of New York*

*Performance Labs, Inc., et al. v. American Express Co., et al.,* C.A. No. 1:06–2974