**In re: AMERICAN EXPRESS ANTI-STEERING RULES ANTITRUST LITIGATION (No. II).**

**MDL No. 2221.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 7, 2011.

Before DAVID R. HANSEN, Acting Chairman, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges on the Panel.

## TRANSFER ORDER

DAVID R. HANSEN, Acting Chairman.

**Before the Panel:*** Plaintiff in one Eastern District of New York action moves, as amended,[1] pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of New York. All parties support or do not oppose the motion.

This litigation currently consists of four actions listed on Schedule A and pending in two districts: three actions in the Eastern District of New York and one action in the Southern District of New York.

On the basis of the papers filed and hearing session held, we find that centralization under Section 1407 in the Eastern District of New York is now warranted. These four actions share complex factual questions arising out of allegations that defendants' anti-steering rules in its merchant agreements are unlawful restraints of trade in violation of the Sherman Antitrust Act.

Since the Panel denied centralization in December 2009 of two of the four actions now before us,[2] the litigation landscape has become more complex. The *Government* action was filed in October 2010 in the Eastern District of New York. Shortly thereafter, two putative nationwide class actions encompassed by the current Section 1407 motion were filed in this district. While the *Government* action is not subject to Section 1407 proceedings, it adds to the increasing complexity before us. The parties have also informed us that two related actions have already been filed and several additional actions likely will be filed. Accordingly, centralization at this time will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

---

* Judge John G. Heyburn II and Judge Kathryn H. Vratil took no part in the disposition of this matter.

1. Plaintiff's initial motion included *United States of America, et al. v. American Express Company, et al.*, E.D. New York, C.A. No. 1:10–04496 (*Government* action). This antitrust action is brought by the United States and the attorneys general of several states. Under 28 U.S.C. § 1407(g), "Nothing in this section shall apply to any action in which the United States is a complainant arising under the antitrust laws." Plaintiff's amended motion does not request inclusion of this action in MDL proceedings.

2. *In re: American Express Anti–Steering Rules Antitrust Litig.*, 657 F.Supp.2d 1365 (J.P.M.L. 2009).

We are persuaded that the Eastern District of New York is an appropriate transferee district for this litigation. Three of the four actions now before the Panel are pending in this district. All parties support or do not oppose centralization there. Centralization in the Eastern District of New York will enable continued voluntary coordination between the *Government* action and the MDL No. 2221 actions in order to promote the expeditious resolution of all actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Southern District of New York is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Nicholas G. Garaufis for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2221 — IN RE: AMERICAN EXPRESS ANTI-STEERING RULES ANTITRUST LITIGATION

*Eastern District of New York*

*Rite Aid Corporation, et al. v. American Express Travel Related Services Company, Inc.,* et al., C.A. No. 1:08–02315
*Firefly Air Solutions, LLC v. American Express Company,* et al., C.A. No. 2:10–05200
*Plymouth Oil Corp. v. American Express Company,* et al., C.A. No. 2:10–05369

*Southern District of New York*

*In Re: American Express Anti-Steering Rules Antitrust Litigation,* C.A. No. 1:06–02974